NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3006

BILLY C. PADGETT,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:    December 8, 2004

_____

Before MICHEL, CLEVENGER, and BRYSON, <u>Circuit Judges</u>.

MICHEL, <u>Circuit Judge</u>.

Billy Padgett petitions for judicial review of the decision of the Merit Systems
Protection Board ("Board"), dismissing his appeal for lack of jurisdiction.  The Board's
decision to dismiss for lack of jurisdiction was based on its determination that Padgett
did not suffer a RIF demotion.  Padgett's petition was submitted for decision following
oral argument on October 5, 2004.  Because Padgett did not suffer a RIF demotion, we
affirm.

In an August 6, 2001, opinion, the undisputed facts of this case were set forth by
the administrative judge who heard Padgett's appeal as follows:

> Appellant occupies the position of Review Clerk, PS-06 at the United
> States Postal Service (USPS) Processing and Distribution Center in
> Pensacola, Florida.  By letter dated May 3, 2001, Larry Nelson, Plant

> Manager, informed appellant that he was being reassigned to another section of the facility pursuant to provisions of the applicable labor-management agreement. Mr. Nelson informed appellant that he would remain 'as an unassigned regular PS-06' working the same tour, and that he would begin work in the new section on May 12, 2001. Appellant subsequently filed the instant appeal, claiming that the agency had subjected him to a reduction-in-force (RIF) action, reducing him to a PS-04 position without affording him appropriate procedural protections.

(Citations omitted.) The administrative judge dismissed Padgett's appeal for lack of jurisdiction because Padgett's reassignment did not "involve a loss of grade or pay" and was merely temporary. Padgett petitioned for review to the full Board, which denied the petition, thus making final the administrative judge's decision. After waiting approximately one year, Padgett again appealed. The administrative judge again dismissed this appeal for lack of jurisdiction, stating that Padgett "has not been officially reassigned or removed from the position of Review Clerk, PS-06" and the full Board again denied the petition for review. Padgett subsequently petitioned for review of the Board's decision to this Court.

The facts in this case are materially indistinguishable from those of the petitioners in Hayes v. U.S. Postal Service, 03-3326, 04-3305, who did not bid on lower-grade positions, namely, Lawrence Doherty, Ronald Heaberlin, and Bernard Oeltman. As described more fully in Hayes, the Board correctly determined that it did not have jurisdiction over Doherty, Heaberlin, and Oeltman. Accordingly, we affirm the Board's decision in this case for the reasons described in Hayes.

AFFIRMED